

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0306-14

### THE STATE OF TEXAS

### v.

### DAVID VILLARREAL, Appellee

### ON STATE'S MOTION FOR REHEARING
### AFTER OPINION ON DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

**MEYERS, J., filed a concurring opinion.**

## OPINION CONCURRING TO THE DENIAL OF STATE'S MOTION FOR REHEARING

In the original opinion in this case, I had authored a dissent indicating that I thought

the Legislature had created an exception to the warrant requirement with Texas

Transportation Code Section 724.012(b)(3)(B). While I do believe that is what the

Legislature did in other sections of the mandatory-blood-draw statute, I no longer think that

is what happened with the specific section we are examining, related to prior intoxication-

offense convictions.

All the Legislature did in Section 724.012(b)(3)(B) was establish the criteria that it felt indicated that an individual was giving implied consent to or waiving his right to object to a warrantless blood draw. I now do not believe that the criteria outlined in the statute–two prior convictions of an intoxication offense–is sufficient to establish that there was a waiver or consent, absent any additional evidence showing the individual's consent to this particular blood draw.

When a defendant pleads guilty, we have well-established criteria and admonishments that the court must make in order for the defendant's waiver of a jury trial to be considered knowing and voluntary. It should not be different in such a significant way when an individual is waiving his right to refuse a bodily search or blood draw. Both are basic constitutional rights.

My analysis today differs somewhat from the original majority opinion in this case, which indicated that "a statute providing for irrevocable implied consent cannot supply the type of voluntary consent necessary to establish an exception to the Fourth Amendment requirement." I would point out that, unlike some of the cases the original majority examined, here, the Legislature provided for additional criteria that must exist before the blood draw is required. It is not a blanket provision that mandates blood draws be done across the board, on the sole basis that an individual was driving on the Texas roadways. Regardless, however, it is still not permissible for the statute to provide for an individual's

knowing consent or waiver based only on past convictions. You cannot make the presumption that a past intoxication offense indicates consent to an unwarranted blood draw.

For the foregoing reasons, I join the Court's opinion denying the State's motion for rehearing.

Meyers, J.

Filed: December 16, 2015

Publish